IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRAVIS B.,[1]

      **Plaintiff,**

v.                                                                  Case No. 2:24-cv-131

MARTIN O'MALLEY,[2]
**Commissioner of Social Security,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Travis B. seeks judicial review of the Commissioner of Social Security's denial of his claim for disability insurance benefits ("DIB") under the Social Security Act ("the Act"). The Commissioner moved for summary judgment, arguing the claim was barred by the statute of limitations, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the pleadings and pending motion, I conclude that Plaintiff's action is time-barred and therefore recommend that the court GRANT the Commissioner's Motion for Summary Judgment, (ECF No. 4).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.
[2] Since the filing of the case, Martin O'Malley was appointed the Commissioner of Social Security. He is therefore automatically substituted as a party pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On February 21, 2017, Plaintiff protectively filed for DIB.[3] Decl. Podraza, Ex. 1 (ECF No. 5-1, at 8). The state agency denied his application initially and on reconsideration. Id. Plaintiff then requested an administrative hearing. Id.

On March 28, 2019, the Administrative Law Judge ("ALJ") denied Plaintiff's claims for DIB, finding he was not disabled during the period alleged. Id. at 5–22. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 17. Plaintiff filed an appeal on May 29, 2019. Decl. Podraza, Ex. 2 (ECF No. 5-1, at 26). On March 19, 2020, the Appeals Council affirmed the denial of Plaintiff's claims. Id. at 23–26.

On May 20, 2020, Plaintiff filed a complaint in United States District Court for the Eastern District of Virginia. Travis B. v. Saul, Civil No. 2:20-cv-260, Compl. (ECF No. 1) (E.D. Va. May 20, 2020). Plaintiff sought judicial review of the Commissioner's final decision that he was not entitled to an award of DIB. Id. at 1. On May 7, 2021, this court granted Plaintiff's motion for summary judgment and vacated the Social Security Administration's ("SSA") final decision and remanded the case for further proceedings. Travis B. v. Saul, Civil No. 2:20-cv-260, Final Order (ECF No. 26) (E.D. Va. May 7, 2021).[4]

---

[3] An administrative record was not filed in this action. But, as described later in greater detail, the Commissioner filed a Motion to Dismiss or in the Alternative for Summary Judgment and attached the Podraza Declaration which outlines the procedural history of Plaintiff's administrative claim. The court relies on this Declaration, in addition to the parties' other filings, for the history described below. Because these administrative documents would otherwise be part of the record and both parties have had an opportunity to respond to them, the court will consider them when evaluating the Commissioner's Motion for Summary Judgment in the Alternative. See Fed. R. Civ. P. 12(d).

[4] The ALJ decision had failed to discuss Plaintiff's VA disability status, instead adopting a prior ALJ determination without further analysis. The court concluded that decision was erroneous because it failed to comply with SSA rules and Fourth Circuit precedent requiring that "at least some weight" be assigned to VA disability rulings. Travis B. v. Saul, Civil No. 2:20-cv-260, R. & R. (ECF No. 25, at 17-28) (E.D. Va. Mar. 30, 2021) (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012)), adopted by Final Order, May 7, 2021 (ECF No. 26).

2

Following this court's order, the Appeals Council remanded the case to the ALJ, and a new hearing was held on April 5, 2023. Decl. Podraza, Ex. 4 (ECF 5-1, at 29–33); Decl. Podraza, Ex. 5 (ECF No. 5-1, at 38). On April 20, 2023, the ALJ again denied Plaintiff's claim for DIB, finding he was not disabled during the period alleged. Decl. Podraza, Ex. 5 (ECF 5-1, at 34–62). Fifty-seven (57) days later, on June 16, 2023, Plaintiff filed an appeal with the Appeals Council. Decl. Podraza, Ex. 6 (ECF 5-1, at 63–70). On September 27, 2023, the Appeals Council ruled that Plaintiff's administrative appeal was untimely, and thus the ALJ's April 20, 2023, decision was final. Decl. Podraza, Ex. 7 (ECF 5-1, at 71–72). Plaintiff filed two requests with the Appeals Council—on October 10, 2023, and November 6, 2023—requesting to extend the time to initiate an action in United States District Court. Decl. Podraza, Ex. 8-9 (ECF 5-1, at 73–79). Both requests were denied administratively. Decl. Podraza, Ex. 10 (ECF 5-1, at 80–81).

On February 28, 2024, Plaintiff filed a Complaint and a Motion for Extension of Time to Commence Action for Filing in this court. Compl. (ECF No. 1); Pl.'s Mot. Extent. Time Commence Action Filing ("Pl.'s Mot. Extent.") (ECF No. 2). Plaintiff argues that the filing deadline can be extended by this court because of excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Pl.'s Mem. Supp. Mot. Extent. ("Pl.'s Mem.") (ECF No. 3, at 4–11); Fed. R. Civ. P. 6(b)(1)(B). The Commissioner opposed Plaintiff's motion and filed a Motion to Dismiss or in the Alternative for Summary Judgment, (ECF No. 4), attaching the Podraza Declaration. Def.'s Mot. Dismiss & in Alt. Summ. J. ("Def.'s Mot.") (ECF No. 4); Decl. Podraza (ECF 5-1). The Commissioner argues that Plaintiff's action is time-barred because (1) he failed to file written exceptions with the Appeals Council within thirty (30) days after the ALJ's decision; and (2) he failed to file suit within sixty (60) days of the final decision. Def.'s Br. Supp. Def.'s Mot. ("Def.'s Br.") (ECF No. 5, at 2). Plaintiff responded, and the Commissioner replied.

Pl.'s Reply (ECF No. 6); Def.'s Reply (ECF No. 7). After a review of the record, this Report considers each of these arguments.

## II.     STANDARD OF REVIEW

The Commissioner filed both a Motion to Dismiss and an Alternative Motion for Summary Judgment, presumably because he attached extensive documentation outside the pleadings on which the motion relies. Although it appears Plaintiff does not contest the question of timeliness, the court has considered the record accompanying the motion and will therefore view it as seeking summary judgment. Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

## III. ANALYSIS

42 U.S.C. § 405(g) authorizes judicial review of cases arising under Title II of the Act.[5] The Statute provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced <u>within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The ALJ's April 20, 2023, decision became final thirty (30) days after it was issued because it came after a federal court remand to the Appeals Council. See 20 C.F.R. § 416.1484(a). Plaintiff filed exceptions fifty-seven (57) days after the ALJ decision, well beyond the thirty (30) day period. See 20 C.F.R. § 416.1484(b); Decl. Podraza, Ex. 6 (ECF 5-1, at 63–70). Plaintiff did not request additional time to file exceptions, and the Appeals Council ruled on September 27, 2023, that the exceptions were untimely and therefore the ALJ's April 20, 2023, decision was final. Decl. Podraza, Ex. 7 (ECF 5-1, at 71–72). Social Security regulations permit the Appeals Council to extend the time in which a claimant may file a civil action "upon a showing of good cause." 20 C.F.R. § 422.210(c). In his October 10, 2023, request to the Appeals Council to extend his time to file a civil action, Plaintiff acknowledged receipt of the Appeals Council's refusal to consider his time-barred exceptions. See Decl. Podraza, Ex. 8 (ECF 5-1, at 74). Plaintiff thus received notice that the ALJ decision was final at least one hundred and forty-one (141) days prior to filing his Complaint in this court—far exceeding the sixty (60) day period to file. See 42 U.S.C. § 405(g). Plaintiff does not dispute that his civil action was filed too late. See Pl.'s Mem. (EFC No. 3, at 3–4). Nonetheless, he argues that this statute of limitations should

---

[5] Judicial Review under Title XVI "shall be subject to judicial review as provided in Section 405(g) of this Title to the same extent as the Commissioner's final determinations under Section 405 of this Title." 42 U.S.C. 1383(c)(3). Thus, the requirements for judicial review of agency decisions under Title XVI are identical to those under Title II of the Act.

be tolled under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides that a court may extend the time a party has to act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see Pl.'s Mem. (ECF No. 3, at 4–11). Rule 6(b) applies to deadlines fixed by federal rule or court order, but does not authorize the court to extend the sixty-day limit fixed by statute. Booth v. Higgins, No. 7:19cv429, 2020 WL 4209061, at *5 (W.D. Va. July 22, 2020).

Although not jurisdictional, the sixty-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen, 476 U.S. at 481. For a litigant to be entitled to equitable tolling of a statute of limitations, he must show that "extraordinary circumstance[s] stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Additionally, the circumstance causing the delay must be external and beyond the litigant's control. See Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 257 (2016). Tolling the limitations period in Social Security appeals "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986).

Here, Plaintiff's attorney apparently misunderstood the time period during which he could file exceptions to the April 20, 2023, ALJ decision. See Decl. Podraza, Ex. 8 (ECF 5-1, at 74). As a result, the late exceptions he filed were rejected, leaving the ALJ's decision after remand the final decision of the Commissioner. Decl. Podraza, Ex. 7 (ECF No. 5-1, at 72). An attorney's mistake is not an extraordinary circumstance, and "is at best a garden variety claim of excusable

6

neglect." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). More is required to establish the elements of equitable tolling. Lawerence v. Florida, 549 U.S. 327, 336 (2007) (ordinarily, "[a]ttorney miscalculation is not sufficient to warrant equitable tolling.").

Because Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure does not entitle Plaintiff to an equitable tolling of the statute of limitations expressed in 42 U.S.C. § 405(g), and he has not established any extraordinary external circumstance which prevented a timely filing, Plaintiff's action is time-barred.

## IV. RECOMMENDATION

For the foregoing reasons, I conclude that Plaintiff's action is time-barred. Accordingly, I recommend that the court GRANT the Commissioner's Motion for Summary Judgment (ECF No. 4), DENY Plaintiff's Motion for Extension of Time to Commence Action for Filing (ECF No. 2), and DISMISS the case WITH PREJUDICE.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 14, 2024