UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



TRAVIS B.,

    Plaintiff,

v.                                  CIVIL ACTION NO. 2:24-CV-131

MARTIN J. O'MALLEY,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Travis B.'s[1] ("Plaintiff") Objections to the Report and Recommendation ("R & R") of the Magistrate Judge dated June 14, 2024. ECF No. 10 (Pl.'s Objs."). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Plaintiff's Objections are **OVERRULED**, and the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's June 14, 2024, R & R. *See* R & R, ECF No. 9. On February 21, 2017, Plaintiff protectively filed for Disability Insurance Benefits ("DIB").[2] Podraza Declaration, ECF No. 5-1 at

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.
[2] An administrative record was not filed in this action. The Commissioner filed a Motion to Dismiss or in the Alternative for Summary Judgment and attached the Podraza Declaration, which outlines the procedural history of Plaintiff's administrative claim. The Magistrate Judge relied on this Declaration, in addition to the parties' other filings, for the history described below. Because the administrative documents would otherwise be part of the record and both parties have had an opportunity to respond to them, the Magistrate Judge considered them when evaluating the Commissioner's Motion for Summary Judgment in the Alternative. *See* Fed. R. Civ. P. 12(d).

1

8 ("Podraza Decl."). The state agency denied his application initially and on reconsideration. *Id.* Plaintiff then requested an administrative hearing. *Id.*

On March 28, 2019, the Administrative Law Judge ("ALJ") denied Plaintiff's claims for DIB, finding that he was not disabled during the period alleged. *Id.* at 5–22. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17. Plaintiff filed an appeal on May 29, 2019. *Id.* at 26. On March 19, 2020, the Appeals Council affirmed the denial of Plaintiff's claims. *Id.* at 23–26.

On May 20, 2020, Plaintiff filed a complaint seeking judicial review of the Commissioner's final decision that he was not entitled to an award of DIB. *Travis B. v. Saul*, Civil No. 2:20-cv-260, Compl., ECF No. 1, (E.D. Va. May 20, 2020).[3] On May 7, 2021, the court granted Plaintiff's Motion for Summary Judgment and vacated the Social Security Administration's ("SSA") final decision and remanded the case for further proceedings. *Travis B. v. Saul*, Civil No. 2:20-cv-260, Final Order, ECF No. 26, (E.D. Va. May 7, 2021).[4]

Following the court's order, the Appeals Council remanded the case to the ALJ, and a new hearing was held on April 5, 2023. Podraza Decl., at 29–33; *Id.* at 38. On April 20, 2023, the ALJ again denied Plaintiff's claim for DIB, finding he was not disabled during the period alleged. *Id.* at 34–62. Fifty-seven days later, on June 16, 2023, Plaintiff filed an appeal with the Appeals Council. *Id.* at 63–70. On September 27, 2023, the Appeals Council affirmed the ALJ's decision

---

[3] Since the filing of the case, Martin O'Malley was appointed the Commissioner of Social Security. He is therefore automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d)(1).

[4] The ALJ decision had failed to discuss Plaintiff's Veteran's Affairs ("VA") disability status, instead adopting a prior ALJ determination without further analysis. The court concluded that decision was erroneous because it failed to comply with SSA rules and United States Court of Appeals for the Fourth Circuit precedent requiring that "at least some weight" be assigned to VA disability rulings. *Travis B. v. Saul*, Civil No. 2:20-cv-260, R & R (ECF No. 25, at 17–28) (E.D. Va. Mar. 30, 2021) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012)), adopted by Final Order, May 7, 2021 (ECF No. 26).

and ruled that Plaintiff's administrative appeal was untimely, and thus the ALJ's April 20, 2023, decision was final. *Id.* at 71–72. Later, Plaintiff filed two requests with the Appeals Council—on October 10, 2023, and November 6, 2023—to extend the time to initiate an action in United States District Court. *Id.* at 73–79. Both requests were denied administratively. *Id.* at 80–81.

On February 28, 2024, Plaintiff filed a Complaint and a Motion for Extension of Time to Commence Action for Filing. Compl., ECF No. 1; Pl.'s Mot. Extent. Time Commence Action Filing. ECF No. 2 ("Pl.'s Mot. Extent."). Plaintiff argues that the filing deadline can be extended by this court because of excusable neglect under Federal Rule of Civil Procedure Rule 6(b)(1)(B). ECF No. 3 at 4–11 ("Pl.'s Mem."). The Commissioner opposed Plaintiff's motion and filed a Motion to Dismiss or in the Alternative for Summary Judgment attaching the Podraza Declaration. ECF No. 4 ("Def.'s Mot."); Podraza Decl. The Commissioner argues that Plaintiff's action is time-barred because (1) he failed to file written exceptions with the Appeals Council within thirty days after the ALJ's decision; and (2) he failed to file suit within sixty days of the final decision. ECF No. 5 at 2 ("Def.'s Br."). Plaintiff responded and the Commissioner replied. Pl.'s Resp., ECF No. 6; Def.'s Reply, ECF No. 7.

On June 14, 2024, the Magistrate Judge filed his R & R recommending the Commissioner's Motion for Summary Judgment be granted, Plaintiff's Motion for Extension of Time to Commence Action for Filing be denied, and the case be dismissed with prejudice. R & R at 7. On June 27, 2024, Plaintiff filed the instant Objections to the R & R. Pl.'s Obj. On July 10, 2024, Commissioner filed a response to Plaintiff's Objections. ECF No. 11 ("Comm'r's Resp."). Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). However, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." *Gina O. v. Kijakazi*, 2022 WL 107590 at *1 (E.D. Va. Jan. 11, 2022), *aff'd sub nom. Owens v. Kijakazi*, 2023 WL 2344224 (4th Cir. Mar. 3, 2023). The court may reject objections to Reports & Recommendations that amount to "a second opportunity to present the arguments already considered" by the Magistrate Judge. *Hartfield v. Colvin*, 2017 WL 4269969 at *5 (E.D. Va. Sept. 26, 2017). When a plaintiff does not raise a proper objection, a court need only review the Report and Recommendation for clear error. *Gina O.*, 2022 WL 107590 at *1 (E.D. Va. Jan. 11, 2022) (citing *Diamond v. Colonial Life Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).

## III. DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's findings on the Appeals Council's ruling that Plaintiff's written exceptions were untimely and therefore the ALJ's decision after remand was the final decision of the Commissioner. Pl.'s Obj. at 3, 6. First, Plaintiff argues the Magistrate Judge erred in denying Plaintiff's Motion for Extension of Time to Commence Action for Filing without addressing the issue of the equities in favor of tolling the statute of limitations. *Id.* at 3. Second, Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff's attorney's mistake is not an extraordinary circumstance worthy of equitable tolling. *Id.* at 6.

The Court finds these purported errors to be unfounded and offered to relitigate arguments raised on summary judgment, which the Magistrate Judge addressed in his R & R. First, the Magistrate Judge correctly determined that Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure

4

does not entitle Plaintiff to equitable tolling. R & R at 7. Rule 6(b)(1)(B) permits a court to extend the time on motion after time has expired if the party has failed to act because of excusable neglect. But the "rule governing extensions of time obtained after the expiry of a prescribed filing time does not apply to filing times prescribed by *statute*, even though the computational part of the rule *does* apply to statutory time periods. *U.S. ex rel. Siller v. Becton Dickinson & Co.*, 813 F. Supp. 410, 412 (D. Md. 1993), *vacated on other grounds sub nom. U.S. ex rel. Siller v. Becton Dickinson & Co. By & Through Microbiology Sys. Div.*, 21 F.3d 1339 (4th Cir. 1994) (emphasis in original). *See also O'Malley v. Town of Egremont*, 453 F. Supp. 2d 240, 247 (D. Mass. 2006) ("It is well established that "Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court[,]" but the rule "does not apply to time periods set out in statutes.").

Second, the Magistrate Judge correctly concluded that Plaintiff has not established an extraordinary circumstance which prevented him from filing. R & R at 7. An attorney's miscalculation of a deadline is not sufficient to warrant equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). In short, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

Thus, the Magistrate Judge correctly determined that Plaintiff's action is time-barred. Plaintiff merely rehashes the arguments he made in his summary judgment filings, and the Magistrate Judge thoroughly considered these issues in his R & R. *See* R & R at 5–7. Thus, the Court finds no clear error in the Magistrate Judge's Report and Recommendation.

## IV.   CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objections, and they are therefore **OVERRULED**. ECF No. 10. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the United States Magistrate Judge's R & R filed on June 14, 2024. ECF No. 9. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, ECF Nos. 4, 5, Plaintiff's Motion for Extension of Time to Commence Action for Filing is **DENIED**, ECF Nos. 2, 3, and the Final Decision of the Commissioner is **AFFIRMED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October  /  , 2024

/s/
Raymond A. Jackson
United States District Judge